UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

CATHIA FLEURJUSTE aka CATHIA F. JUSTE,

    Plaintiff,

v.   **JURY TRIAL DEMANDED**

CARING HEARTS FAMILY MEDICAL CENTERS LLC, a Florida limited liability company, and JOCELYNE BLANC,

    Defendants.
_____/

**COMPLAINT FOR DAMAGES**

Plaintiff, CATHIA FLEURJUSTE a/k/a CATHIA F. JUSTE (hereinafter "FLEURJUSTE") by and through her undersigned attorney, files this, her Complaint for Damages against Defendants, CARING HEARTS FAMILY MEDICAL CENTERS LLC (hereinafter, "CARING HEARTS") and JOCELYNE BLANC, (hereinafter "BLANC") and states as follows:

**INTRODUCTION**

1. This is an action to recover unpaid overtime and minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"); and, minimum wages under the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution.

**JURISDICTION**

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendant, CARING HEARTS was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, CARING HEARS regularly owned and operated a business enterprise engaged in commerce or in the

production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. The Defendants, CARING HEARTS and BLANC operated a medical center where the Plaintiff was employed. Plaintiff's work at this medical center involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. These materials included medical supplies and equipment and other materials necessary for the operation of a medical center—and, were manufactured outside the State of Florida.

4. During the relevant time period, Defendants, CARING HEARTS and BLANC employed at least two other individuals besides the Plaintiff, who were "engaged in commerce or in the production of goods for commerce," or "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. §203(s)(1)(A)(i). These materials included medical supplies and equipment and other materials necessary for the operation of a medical center—and, were manufactured outside the State of Florida During the period of the Plaintiff's employment.

5. The Defendants had an annual gross volume of sales made or business done of not less than five hundred thousand dollars in accordance with §203(s)(1)(A)(ii).

6. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

7. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry-on business in the Southern of Florida.

## VENUE

8. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida and,

   b. Defendants were and continue to be company and an individual doing business within this judicial district.

## PARTIES

9. At all times material hereto, Plaintiff, FLEURJUSTE was a resident of Belle Glade, Palm Beach County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

10. At all times material hereto, the Defendants were conducting business in Belle Glade and Palm Springs, Palm Beach County, Florida.

11. At all times material hereto, Defendants were the employers of Plaintiff.

12. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA, the Florida Minimum Wage Amendment (FMWA), Article X, §24 of the Florida Constitution.

13. At all times material hereto, Defendants failed to pay Plaintiff, FLEURJUSTE wages in conformance with the FLSA.

14. Defendants committed a willful, malicious and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

15. At all times material hereto, corporate Defendant, CARING HEARTS was an "enterprise] engaged in commerce" within the meaning of the FLSA.

16. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

17. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

18. Commencing on or about December 30, 2019, Plaintiff, FLEURJUSTE was hired by the Defendants to work as a medical assistant at the Defendants' medical center. Her employment ended on or about May 18, 2020.

19. Plaintiff, FLEURJUSTE was supposed to be paid $13.00 per hour, and was supposed to be paid twice per month.

20. Plaintiff, FLEURJUSTE was not paid the applicable federal and state minimum wage hour of his work.

21. In multiple pay periods Plaintiff was paid nothing in wages for her work.

22. The Plaintiff generally worked about 45 hours per week

23. Even though Plaintiff, FLEURJUSTE worked in excess of forty hours per week, Defendants failed to pay her at the rate of time-and-one-half times the applicable minimum wage.

24. Defendants knowingly, willfully and maliciously operated their business with a policy of not paying minimum and overtime wages, respectively, for each and every hour worked by Plaintiff in conformance with the applicable law.

25. Defendant. BLANC was a supervisor and manager/owner who was involved in the day-to-day operations of CARING HEARTS and/or was directly responsible for the supervision of Plaintiff. Therefore, she is personally liable for the FLSA violations.

26. Defendant, BLANC was directly involved in decisions affecting employee compensation (and the lack thereof) and/or hours worked by Plaintiff.

27. Plaintiff has retained Bober & Bober, P.A. to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

28. Plaintiff, FLEURJUSTE realleges Paragraphs 1 through 27 as if fully stated herein.

29. Since Plaintiff's date of hire with Defendants, in addition to Plaintiff's normal regular work week, the Plaintiff worked additional hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half.

30. Plaintiff was entitled to be paid at the rate of time and one-half for her hours worked in excess of the maximum hours provided for in the FLSA.

31. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked by Plaintiff in excess of the maximum hours provided for in the FLSA.

32. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when it knew or should have known such was due. Defendants also failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

33. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

34. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against the Defendants:

   a.   Declaring that the Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;

   b.   Awarding Plaintiff overtime compensation in the amount calculated ($41,636.90);

   c.   Awarding Plaintiff liquidated damages;

   d.   Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

   e.   Awarding Plaintiff post-judgment interest; and

   f.   Ordering any other and further relief this Court deems to be just.

## COUNT II

## **VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)**

35. Plaintiff realleges Paragraphs 1 through 27 of this Complaint as if fully set forth herein.

36. Plaintiff's employment with Defendants was to consist of a normal workweek for which she was to be compensated at or above the FLSA minimum wage.

37. 29 U.S.C. § 206 and requires that any employee covered by the FLSA be paid their minimum wages.

38. During Plaintiff's employment, Defendants paid her less than the statutory minimum wage for all of her work hours. Indeed, for the last three months of her employment, she received no wages.

39. The Defendants acted willfully and maliciously in failing to pay proper minimum wages to the Plaintiff.

40. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests:

a. judgment in her favor for all unpaid minimum wages due for 2020 as calculated above;

b. liquidated damages;

c. attorneys' fees and costs pursuant to the FLSA;

d. post-judgment interest; and

e. all other and further relief this Court deems to be just and proper.

## COUNT III

## VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION

41. Plaintiff, FLEURJUSTE realleges Paragraphs 1 through 27 as if fully stated herein.

42. Pursuant to Article X, Section 24 of the Florida Constitution, Defendants were required to pay Plaintiff at least the applicable Florida minimum wage.

43. During Plaintiff's employment, Defendants paid her less than the statutory minimum wage for all of her work hours.

44. The Defendants acted willfully and maliciously in paying Plaintiff below the minimum wage.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against the Defendants:

a. Declaring that Defendants violated Article X of the Florida Constitution, insofar as failing to pay Plaintiff at or above the minimum wage;

b. Awarding Plaintiff all back wages due and owing in the amount calculated above;

c. Awarding Plaintiff liquidated damages in the amount equal to her back wages;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

e. Awarding Plaintiff prejudgment and post-judgment interest;

f. Awarding such other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Date:  June 9, 2021.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff
2699 Stirling Road
Suite A-304
Hollywood, FL 33312
Phone: (954) 922-2298
Fax: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com

By:  s/. Peter Bober
PETER BOBER
FBN:  0122955
SAMARA ROBBINS BOBER
FBN:  0156248